UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>C. APARICIO, CEMENT CONTRACTOR, INC.,<br><br>Defendant. | Case No. 15-cv-04131-TEH<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

This matter is before the Court on Plaintiffs' motion for default judgment. (Docket No. 21). Defendant provided no response to Plaintiffs' motion. The Court has carefully considered the merits of Plaintiffs' request, and finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b). Good cause appearing, the Court hereby GRANTS Plaintiffs' motion for default judgment and VACATES the hearing scheduled for March 7, 2016.

**BACKGROUND**

Plaintiffs are the Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, Laborers Training and Retraining Trust Fund for Northern California, and Laborers Annuity Trust Fund for Northern California (collectively, the "Trust Funds"). Plaintiffs file suit on behalf of the Trust Funds as fiduciaries. The Trust Funds are multi-employer, employee benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. §§ 1002(3), 1002(37). Defendant C. Aparicio, Cement Contractor, Inc. ("Defendant") is an employer within the meaning of Sections 3(5) and 515 of ERISA.

*Id.* §§ 1002(3), 1145.  Additionally, Defendant is an employer in an industry affecting commerce within the meaning of the Labor Management Relations Act.  29 U.S.C. § 185.

For good cause, the Court finds that the allegations in Plaintiffs' Complaint are true, including the following facts.  On July 23, 1999, Defendant executed the "Laborers Private Work Agreement for Northern California" ("Work Agreement") with the Northern California District Council of Laborers ("Laborers Union").  By virtue of its execution of the Work Agreement, Defendant became bound to the Laborer's Master Agreement for Northern California ("Master Agreement"), a written collective bargaining agreement with the Laborers Union.  Ex. F to Lauziere Decl. (Docket No. 23).

In agreeing to be bound to the Master Agreement, Defendant agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the Trust Funds, and all terms relating to wages, hours and conditions of employment.  Lauziere Decl. ¶ 7.  Section 28 of the Master Agreement requires that employers make contributions to the Trust Funds based on the hours that their respective employees work as laborers.  Ex. G to Lauziere Decl.  According to the Board Policy, employers must pay such contributions on or before the 25th day of the month following the month in which the work was performed.  *Id.*  If the employer fails to make the payments on or before the due date, the employer is accountable for 1.5% monthly interest as well as a flat liquidated damages fee of $150.00 per delinquent month.  Ex. H to Lauziere Decl.  Furthermore, in the event of a lawsuit, the Trust Agreements provide that the employer must pay the Trust Funds attorneys' fees, costs and all other expenses incurred in connection with such suit.  Ex. D to Lauziere Decl.

Plaintiffs filed this action on September 10, 2015.  Compl. (Docket No. 1).  The Complaint and Summons were served on Defendant on October 14, 2015, for which proof of service was filed on October 16, 2015. (Docket No. 12.)  After Defendant failed to make an appearance in this matter, Entry of Default was issued on November 13, 2015. (Docket No. 16.)  Defendant was subsequently served with the Clerk's Notice of Entry of Default. (Docket No. 17.)  Plaintiffs filed the instant motion for default judgment on

January 28, 2016. (Docket No. 21.) Defendant failed to provide any response, which was due on February 11, 2016. To date, Defendant has not made any appearance in this matter.

Plaintiffs seek liquidated damages and interest on contributions paid, but paid late, in the amount of $17,866.83 (First Cause of Action). Lauziere Decl. ¶ 17. Plaintiffs further seek contributions, liquidated damages, and interest on contributions reported, but not paid, in the amount of $112,626.46 (Second Cause of Action). *Id.* ¶¶ 21-34. Plaintiffs additionally seek a mandatory injunction to audit Defendant's books and records for the period of January 2013 through present (Third Cause of Action). *Id.* ¶ 14. Finally, Plaintiffs seek attorneys' fees and costs. Compl. at 7.

**LEGAL STANDARD**

After entry of default, a court may grant default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court considers the following factors in determining whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In exercising its discretion, the Court is to take the factual allegations contained in Plaintiffs' complaint as true, except for those relating to the amount of damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where a default judgment is granted, the scope of relief is limited only by Federal Rule of Civil Procedure 54(c), which mandates that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

3

**DISCUSSION**

At the outset, the Court has determined that it has jurisdiction over the subject matter and the parties to this case. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."). The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 185 and 29 U.S.C. § 1132. Furthermore, the Court has personal jurisdiction over Defendant, which is a California corporation with its principal place of business in this judicial district. Compl. ¶ 7.

In addition to ensuring that jurisdiction exists, the Court must also "assess the adequacy of the service of process on the party against whom default is requested." *United States v. Sundberg,* No. 09-CV-4085, 2011 WL 3667458, at *3 (N.D. Cal. Aug.22, 2011) (internal quotations omitted). A domestic corporation may be served by delivering a copy of the summons and complaint to an officer or authorized agent of the company. Fed. R. Civ. P. 4(h)(1)(B). Here, Plaintiffs served Defendant on October 15, 2015, when copies of the Summons and Complaint were personally served upon Caroline Aparicio, who is Defendant's owner and authorized agent for service of process. Docket No. 12. Thus, Plaintiffs properly effected service of process.

## I. The Court Exercises Its Discretion to Award Default Judgment

As explained below, the Court has determined that the *Eitel* factors support a finding in favor of Plaintiffs' motion for default judgment. *See Eitel*, 559 F.2d at 560.

### A. Plaintiffs may be prejudiced absent a grant of default judgment, the merits of Plaintiffs' substantive claim are strong, and Plaintiffs' Complaint is legally sufficient.

The first *Eitel* factor considers the possibility of prejudice to Plaintiffs. If the Court does not grant default judgment for Plaintiffs, Plaintiffs will likely be without other recourse for recovery; thus resulting in prejudice to Plaintiffs. *See PepsiCo*, 238 F. Supp.

4

2d at 1177. The enforcement provisions of ERISA reserve exclusive jurisdiction to this Court for claims such as this, so denial of Plaintiffs' motion would leave them without a remedy. Thus, the first *Eitel* factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors require that a plaintiff state a claim on which the plaintiff may recover. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Here, Plaintiffs have provided evidence that Defendant was bound by the Trust Agreements (and other relevant agreements discussed above), and furthermore that Defendant breached those agreements and therefore owes damages to Plaintiffs. This is sufficient to state a claim for Plaintiffs' First Cause of Action. The necessary elements to establish a violation of ERISA Section 515 are:

> "(1) the Trusts are multi-employer plans under 29 U.S.C. § 1002(37); (2) the collective bargaining agreement obligated Defendant[] to make the employee benefit contributions; and (3) Defendant[] failed to make the contribution payments pursuant to the collective bargaining agreement."

*Bd. of Trs. of Laborers Health & Welfare Trust Fund for N. California v. C & L Coatings, Inc.,* No. 12-CV-1368, 2012 WL 7748318, at *4 (N.D. Cal. Dec. 18, 2012) *report and recommendation adopted sub nom. Bd. of Trs. v. C & L Coatings, Inc.*, No. 12-CV-1368, 2013 WL 1087849 (N.D. Cal. Mar. 13, 2013). Plaintiffs' Complaint sufficiently pleads these elements; thus Plaintiffs sufficiently stated a claim for the Second Cause of Action. Finally, Plaintiffs Complaint alleges that Defendant is required to allow Plaintiffs access to its books and records, which is sufficient to plead Plaintiffs' Third Cause of Action. For these reasons, the second and third *Eitel* factors weigh in favor of entry of default judgment.

### B. The amount of money at stake is reasonable, sufficiently proven, and tailored to Defendant's misconduct.

Plaintiffs have sufficiently proven the relief sought through the declarations and exhibits attached to the instant motion. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). For the First Cause of Action, Plaintiffs provide a detailed accounting of the interest and liquidated damages owed

pursuant to the Board Policy for delinquent contributions.  Ex. I to Lauziere Decl.  For the Second Cause of Action, Plaintiffs provide a detailed description of the principal balance due for unpaid contributions, as well as an accounting of calculated interest and liquidated damages.  Mot. at 7-12; Exs. J & DD to Lauziere Decl.

ERISA provides that liquidated damages shall be awarded if "(1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages." *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989).  This Order provides for a judgment in favor of Plaintiffs for unpaid contributions that existed at the time of suit; therefore, factors one and two are met.  Plaintiffs have satisfied factor three by providing a copy of the "Liquidated Damage Program – Board Policy."  Ex. H to Lauziere Decl.

Furthermore, Plaintiffs' thorough accounting demonstrates that the damages sought by Plaintiffs specifically reflect the failure of Defendant to pay certain contributions, and to pay other contributions on time.  Where the sum of money at stake is "tailored to the specific misconduct of [the defendant]," default judgment may be appropriate." *Bd of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall Mech., Inc.*, No. 10-CV-2212, 2011 WL 2600898, at *2 (N.D. Cal. June 30, 2011)).  Therefore, the fourth *Eitel* factor weighs in favor of entry of default judgment.

**C.    It is unlikely that Defendant could dispute the material facts of the case; Proper service of process suggests that Defendant's failure to appear was not the result of excusable neglect.**

As discussed above, the merits of Plaintiffs' substantive claim are strong, as Plaintiffs have a plethora of evidence of Defendant's obligations under the agreements, and Defendant's failure to meet its obligations.  Plaintiffs have also presented evidence that the Summons and Complaint were properly served on Defendant by personal service on October 14, 2015.  Docket No. 12.  Plaintiffs have also presented evidence that the Clerks Notice of Entry of Default was served on Defendant by mail on November 18,

2015. Docket No. 17.  Given the repeated notice to Defendant of this pendency of this lawsuit, there is no evidence in the record that Defendant's failure to appear or otherwise defend this lawsuit was the result of excusable neglect.  Therefore, the fifth and sixth *Eitel* factors weigh in favor of entry of default judgment.

### D. Other policy considerations outweigh the Federal Rules of Civil Procedure's policy favoring decisions on the merits.

The final *Eitel* factor considers the policy that whenever reasonably possible, cases should be decided upon their merits.  *Eitel,* 782 F.2d at 1472.  However, the existence of Federal Rule of Civil Procedure 55(b), which permits district courts to enter default judgments, indicates that the preference towards disposing of cases on the merits is not absolute.  *PepsiCo,* 238 F. Supp. 2d at 1177.  Here, because Defendant has failed to answer, appear, or otherwise defend itself in this action, deciding the case upon the merits is not possible.  Furthermore, the Court must consider ERISA's strong policy favoring efficient resolution of collection actions, as well as the possibility of mitigating prejudice against Plaintiffs by granting default judgment.  Therefore, the seventh *Eitel* factor weighs in favor of entry of default judgment.

For these reasons, the Court finds that the *Eitel* factors weigh in favor of the Court GRANTING Plaintiffs' motion for default judgment.

## II. The Court Awards the Relief Requested by Plaintiffs

Plaintiffs have provided evidence that the Trust Agreements provide for 1.5% monthly interest and an additional flat monthly liquidated damages fee of $150.00 in the case of delinquent contributions.  Thus, Plaintiffs have established that for the First Cause of Action, Defendant owes $17,866.83 to Plaintiffs for interest and liquidated damages for delinquent contributions.  *See* Ex. I to Lauziere Decl.

Plaintiffs have also documented that the principal balance due on Defendant's unpaid contributions is $92,038.50.  *See* Ex. J to Lauziere Decl.  Monthly interest at a rate of 1.5% equals $10,293.98.  *See* Ex. DD to Lauziere Decl.  ERISA provides an additional

award of the greater of (1) interest on unpaid contributions, or (2) liquidated damages provided by the contract. 29 U.S.C. § 1132(g)(2). Because the flat rate liquidated damages provided by the Board Policy would total $1,200, Plaintiffs are entitled to an additional payment of the greater number: $10, 293.98. Ex. DD to Lauziere Decl. Therefore, Plaintiffs have established that for the Second Cause of Action, Defendant owes a total of $112,626.46.

Plaintiffs have provided a copy of the provision of Trust Agreement mandating an audit of Defendant's financial records by the Board of Trustees. Ex. E to Lauziere Decl. An audit is "well within the authority of the trustees as outlined in the trust documents" and is part of "proper plan administration." *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 582 (1985). Such an audit is a well-settled form of relief in ERISA employee benefit plan cases. Therefore, Plaintiffs have established that for the Third Cause of Action, Plaintiffs are entitled to an audit.

Finally, Plaintiffs have established that under the Trust Agreement, Defendant is responsible for Plaintiffs' attorneys' fees and costs. *See* Ex. D to Lauziere Decl. In the Ninth Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir. 1987). Plaintiffs have provided detailed billings for this case, and Plaintiffs' attorneys' rates are lower than rates approved by the Ninth Circuit in other ERISA cases. *See* Richman Decl. ¶¶ 4-6 (Docket No. 22); Ex. A to Richman Decl.; *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007). Thus, Plaintiffs have established that Defendant owes $4,959.00 in attorneys' fees and $725.20 in costs, and that this amount is reasonable.

For these reasons, the Court finds that the requested relief is available as a matter of substantive law, reasonable in amount, tailored to Defendant's misconduct, and supported by sufficient evidence. Therefore, the Court shall award the relief requested in the First, Second, and Third Causes of Action, as well as attorneys' fees and costs.

**CONCLUSION**

Defendant has failed to plead, answer, or appear in this action and default has been entered. Accordingly, with good cause appearing, IT IS HEREBY ORDERED that Plaintiffs' motion for default judgment IS GRANTED.

Defendant IS ORDERED to pay to Plaintiffs $136,177.49 as follows:

1. Unpaid Contributions in the amount of $92,038.50;
2. Interest on Unpaid Contributions in the amount of $10,293.98;
3. Liquidated Damages for Unpaid Contributions in the amount of $10,293.98;
4. Liquidated Damages for, and Interest on, Late-Paid Contributions in the amount of $17,866.83;
5. Attorneys' Fees in the amount of $4,959.00; and
6. Costs in the amount of $725.20.

It is FURTHER ORDERED that Defendant shall submit to an audit of its books and records covering the period January 2013 to present, by auditors selected by Plaintiffs, at Defendant's premises or where the records are kept, during business hours or at a reasonable time, and shall allow said auditors to examine and copy such books, records, papers, or reports that are relevant to the enforcement of the collective bargaining agreement and/or trust agreements.

The Clerk shall enter judgment and close the file. However, the Court will retain jurisdiction over this matter so that Plaintiffs may, if appropriate, file a motion to amend the judgment following the audit.

**IT IS SO ORDERED.**

Dated: 03/02/16

_____
THELTON E. HENDERSON
United States District Judge

9